# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Emery E. Graham,

    Plaintiff,

v.

Robert J. Breeden, *et al.*,

    Defendants.

Civ. No. 10-434 (RHK/JSM)
**MEMORANDUM OPINION AND ORDER**

Karlowba R. Adams Powell, Walker Law Offices, PA, Minneapolis, Minnesota, for Plaintiff.

Timothy W. Waldeck, Waldeck & Lind, Minneapolis, Minnesota, for Defendants.

## INTRODUCTION

In this negligence action, Plaintiff Emery Graham ("Plaintiff") sued Robert Breeden and RJW Transport, Inc. (collectively, "Defendants") for injuries sustained as a result of an automobile collision that occurred in Kansas. Defendants now move for judgment on the pleadings. For the reasons set forth below, the Court denies the Motion.

## BACKGROUND

On Feburary 26, 2004, Defendant Breeden, an Illinois resident (Answer ¶ 7) operating an 18-wheeler, collided with Plaintiff, a Minnesota resident (Compl. ¶ 2), on Interstate 35 in Kansas City, Kansas. (Compl. ¶ 1.) As a result of Defendants' negligence, Plaintiff sustained serious injuries. (<u>Id.</u>) Plaintiff alleges that Defendant

Breeden was employed by RJW, an Illinois corporation (Answer ¶ 5), and acting within the scope of his employment at the time of the collision. (Compl. ¶ 4.) Defendants assert that Breeden was an independent contractor operating a trailer owned by RJW with its permission. (Answer ¶ 6.)

Plaintiff commenced this action on February 16, 2010. Plaintiff pleads Minn. Stat. § 541.05 as the jurisdictional basis for his claim. Minn. Stat. § 541.05 has a six-year statute of limitations for negligence claims. Defendants now move for judgment on the pleadings, arguing that the two-year Kansas statute of limitations (Kan. Stat. Ann. § 60-513) applies in this case because the conflict of law provisions under Minn. Stat. § 541.31, *et seq.*, prohibit claims arising from incidents on or after August 1, 2004, thus barring this action.[1]

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed-but early enough not to delay the trial-any party may move for judgment on the pleadings." The motion should be granted only if the moving party shows there are no material issues of fact and that it is entitled to judgment as a matter of law. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). When considering a

---

[1] In their Reply Memorandum, Defendants also argue that they are not subject to personal jurisdiction in Minnesota. Since Defendants did not timely move under Fed. R. Civ. P. 12(b)(2) and Plaintiff has had no opportunity to respond, the Court will not entertain Defendants' personal jurisdiction arguments. This newly raised ground for relief also violates Local Rule 7.1(b)(3). The Court does note, however, that Defendants preserved this defense in their Answer. Plaintiff is ultimately responsible for proving at trial, by a preponderance of the evidence, facts supporting the existence of personal jurisdiction over Defendants. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003).

motion for judgment on the pleadings, the Court generally must ignore materials outside the pleadings, but may consider materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. Id. (internal citations and quotations omitted).

## ANALYSIS

The Court must determine which state's statute of limitations applies. The Kansas statute of limitations for negligence claims is two years (Kan. Stat. Ann. § 60-513), while the Minnesota statute of limitations is six years (Minn. Stat. § 541.05). If the Kansas statute applies, the Court must grant the Motion; if the Minnesota statute applies, the Court must deny it.

"Federal courts sitting in diversity apply the forum state's conflict of laws rules." Nesladek v. Ford Motor Co., 46 F.3d 734, 736 (8th Cir. 1995). Under Minnesota's common-law conflict of laws rules, the Court must first determine whether the conflicting laws would be outcome determinative, that is, whether an "actual conflict" exists. Jepson v. Gen. Cas. Co. of Wisconsin, 513 N.W.2d 467, 469 (Minn. 1994). The parties do not dispute that if Kansas's statute of limitations applied, the negligence claim is time-barred. However, under Minnesota's statute of limitations, the claim will go forward. Therefore, the conflicting laws are outcome determinative. See Christian v. Birch, 763 N.W.2d 50, 56 (Minn. Ct. App. 2009).

Next, the Court must determine whether the rule of law is substantive or procedural. Davis v. Furlong, 328 N.W.2d 150, 153 (Minn. 1983). If it is procedural, Minnesota law applies. Fleeger v. Wyeth, 771 N.W.2d 524, 528 (Minn. 2009). "[The

Minnesota Supreme Court has] considered statutes of limitations to be procedural without exception." Id. (footnote omitted).[2] The Minnesota statute of limitations applies "regardless of whether [a case has] any connection to this state." Id. Thus, under Minnesota law, Minnesota's statute of limitations applies to the instant action.

In his Complaint, Plaintiff relies on Minn. Stat. § 541.31,subd. 2,[3] as the basis for his assertion that the Minnesota six-year statute of limitations applies in the instant case. (Compl. ¶ 5.) Defendants note that this statute only encompasses "claims arising from incidents occurring on or after August 1, 2004." Id. § 541.34. The incident in question occurred on February 26, 2004. However, Minn. Stat. § 541.31 simply codified a pre-existing common law rule to the same effect, which does apply. See Fleeger, 771 N.W.2d at 528. Minn. Stat. § 541.31 "only applies to 'claims arising from incidents occurring on or after August 1, 2004.'" Id. (emphasis added). In all other instances where cases are properly commenced in Minnesota regardless of whether those cases have any connection to this state, the Minnesota common law rule which holds statute of

---

[2] Lower Minnesota courts have recognized an exception to that general rule. "[A] limitation period is substantive when it applies to a right created by statute, as opposed to a right recognized at common law." Danielson v. Nat'l Supply Co., 670 N.W.2d 1, 6 n.2 (Minn. Ct. App. 2003). However, Plaintiff seeks a remedy in negligence, a right available by common law and not exclusively created by statute. See Fleeger, 771 N.W.2d at 528. Therefore, the exception does not apply.

[3] The statute provides:

> If a cause of action arises outside of this state and the action is barred under the applicable statute of limitations of the place where it arose, the action may be maintained in this state if the plaintiff is a resident of this state who has owned the cause of action since it accrued and the cause of action is not barred under the applicable statute of limitations of this state.

Id.

limitation issues to be procedural without exception applies.  Id.  Since Rule 8(e) of the Federal Rules of Civil Procedure requires that pleadings be construed liberally so as to do justice, the Court concludes that Plaintiff's incorrect citation is harmless error. Therefore, Plaintiff can maintain his claim in Minnesota courts.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, it is **ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. No. 9) is **DENIED**.

Dated: August 11, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge